(61 Misc. Rep. 334.)

### BARTON-CHILD CO. v. SCARBOROUGH et al.

(Supreme Court, Appellate Term.   December, 1908.)

SALES (§ 418*)—FAILURE TO DELIVER—MEASURE OF DAMAGES.

 In an action against the seller for breach of contract to deliver certain butter, the damages are the difference between the contract price and the mill price at the time and place of delivery.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Barton-Child Company against William A. Scarborough and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before FORD, GIEGERICH, and HENDRICK, JJ.

Frederick M. Harris, for appellants.

Lloyd & Maddox, for respondent.

FORD, J.   This is an action for damages, by vendee against vendor, for breach of contract to sell and deliver butter. The only question on the appeal is as to the proof of damage. As a general rule, damages in actions of this character are measured by the difference between the contract price and the market price of the article at the time and place of delivery. This is the only rule applied where the buyer can go into the open market and purchase the article which the seller has failed to deliver, as it gives full indemnity. If the seller knows that the goods are the subject of an agreement, under which the purchaser must deliver the goods, and for which he is to obtain an advanced price, the purchaser can recover the profit he would have made. Atlas Portland Cement Co. v. Hopper, 116 App. Div. 445, 101 N. Y. Supp. 948.

Plaintiff claims as the measure of damages the difference between the contract price and the price at which it contends that a certain party would have bought the butter. It does not prove a contract with this party, nor does it prove that the seller knew of a contract. And its only proof of the price at which it could have sold is the two letters, written by plaintiff to defendants after the sale of the butter in suit. These were merely self-serving declarations, which the court erred in admitting.

Even if the plaintiff had proved by competent testimony that this third party would have purchased the butter at an advance in price, the judgment would still have to be reversed, as this would not be a proper measure of damage. The plaintiff could have gone into the open market for the butter, and his damage is limited to the difference between the price there and the contract price.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes